**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 12, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DANNY SHEA,

     Petitioner - Appellant,

v.

RICK RAEMISCH, Executive Director,
CDOC; THE ATTORNEY GENERAL OF
THE STATE OF COLORADO,

     Respondents - Appellees.

No. 16-1406
(D.C. No. 1:15-CV-02354-WJM)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Danny Shea, a Colorado state prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 habeas

petition. He also seeks leave to proceed in forma pauperis (IFP). We grant Shea's IFP

motion, but we deny his COA request and dismiss this matter.

Shea was convicted after a jury trial of violating the Colorado Organized Crime

Control Act (COCCA), conspiring to commit second degree assault, tampering with a

witness, and two counts of conspiring to distribute a Schedule II controlled substance.

_____

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The trial court adjudicated Shea a habitual criminal under Colo. Rev. Stat. § 18-1.3-801 and sentenced him to a term of 112 years in prison.

The Colorado Court of Appeals (CCA) affirmed Shea's convictions and part of his sentence, but remanded for resentencing on the drug conspiracy counts. The trial court modified Shea's sentence on remand. Shea subsequently filed a post-conviction motion for relief under Colo. Crim. Pro. R. 35(c). The trial court denied the Rule 35(c) motion, and the CCA affirmed the denial. The Colorado Supreme Court denied Shea's petition for a writ of certiorari. Shea then filed his § 2254 habeas petition. The district court denied habeas relief and denied Shea's request for a COA.

Shea now seeks to appeal the district court's denial of his habeas petition. To do so, he must first obtain a COA. 28 U.S.C. § 2253(c)(1)(A). We will grant a COA only if Shea makes "a substantial showing of the denial of a constitutional right." *See id*. § 2253(c)(2). To meet this standard, Shea must "show[] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Shea asserted in his habeas petition that he received ineffective assistance of trial counsel in violation of his Sixth Amendment rights and raised numerous sub-claims related to counsel's alleged deficient performance. He argued that counsel was constitutionally ineffective for: (1) admitting guilt in the opening statement; (2) abandoning a clearly viable defense of duress; (3) failing to submit supporting

2

documentation to show Shea was indigent and obtain an investigator; (4) failing to request a modified *Allen* instruction; (5) failing to argue that there was insufficient evidence to convict him of being a habitual criminal; (6) failing to properly challenge a violation of Colorado's Uniform Mandatory Disposition of Detainers Act; and (7) failing to call an available expert witness and stipulating to testimony of a witness.

The CCA rejected these claims on the merits. In order to obtain federal habeas relief, Shea must show that the state court's rejection of these claims was contrary to, or involved an unreasonable application of, clearly established federal law or was based on an unreasonable determination of the facts in light of the record before the state court. 28 U.S.C. § 2254(d). In a thorough, well-reasoned order, the district court addressed the CCA's treatment of each of Shea's constitutional claims and determined Shea wasn't entitled to habeas relief.

We have reviewed Shea's arguments, the appellate record, the CCA's decision, the district court's order denying habeas relief, and the applicable law. Based on this review, we conclude Shea hasn't demonstrated that reasonable jurists would debate the correctness of the district court's resolution of his petition. We therefore deny Shea's request for a COA and dismiss this matter. We grant Shea's IFP motion.

Entered for the Court

Elisabeth A. Shumaker

ELISABETH A. SHUMAKER, Clerk

3